COWART, Judge.
This case involves a quorum at a condominium unit owners’ association meeting.
Appellant is a condominium unit owners’ association (association) of a 112 unit condominium. Appellee is a unit owner. The declaration of the condominium requires that a quorum of unit owners must be present to pass amendments to the declaration and that a proposed amendment must pass by the affirmative vote of a majority of the unit owners present. The by-laws provide that a quorum consists of the presence in person or by proxy of owners representing a majority of the units in the condominium. As there are 112 units, it would appear that the presence (in person or by proxy) of owners of 57 units is required for a quorum.
A special meeting of the association was held on November 10, 1988, to consider an amendment to the condominium declaration limiting to five the number of units that could be collectively owned by any one individual and the individual’s relatives and business entities (and defining those terms). At the November special meeting, 21 unit owners were physically present and 35 were present by proxy for a total of 56, one short of the 57 apparently needed. However, the board of directors of the association concluded that because 12 of the 112 units were involved in mortgage foreclosure actions, there was no one who could represent those 12 units, those units should be disregarded in determining a quorum, and that, therefore, there were 100 units, and a majority for a quorum consisted of 51. All 56 voters present in person or by proxy voted for passage of the proposed declaration amendment limiting ownership.
Appellee contracted to purchase units in excess of those permitted by the amendment and the association’s board of directors instituted this action for declaratory and injunctive relief to determine the validity of the amendment and to enforce it.
Appellee unit owner moved for summary judgment arguing that the 56 units present at the November special meeting was one short of the required 57 and that some of the 56 votes were invalid because of defective proxies.
Prior to the hearing on the unit owner’s motion for summary judgment, owners of seven units not counted among the 56 present at the November special meeting signed the minutes of the November special meeting for the purpose of joining in and ratifying the action of the association at that meeting.
The trial court found that there was not a quorum at the November special meeting and therefore the vote and the amendment were invalid and entered summary judg *360 ment for the appellee unit owner. The association appeals.
We agree with the appellee unit owner that the mere fact that a condominium unit is the subject of a mortgage foreclosure action does not mean that the unit does not exist, or that it is not owned by someone, or that the unit can be disregarded in counting the number of units in a condominium for the purpose of calculating a quorum under a condominium’s by-laws, based on the number of units in the condominium. At the November special meeting the presence in person or by proxy of the owners of 57 units constituted a quorum. However, in this instance, this does not mean that the unit owner was entitled to summary judgment.
At this juncture the pivotal issue became whether a quorum at the November special meeting can be established, ab initio, by the subsequent signing of the association’s minutes of that meeting by unit owners not present in person or by proxy at that meeting.
Section 718.112(2), Florida Statutes, effective at the time of the November, 1988 special meeting, and prior to its amendment effective October 1, 1990, provided:
(b) Quorum; proxies.—
1. Unless otherwise provided in the bylaws, the percentage of voting rights required to make decisions and to constitute a quorum shall be a majority of the voting interests, and decisions shall be made by owners of a majority of the voting interests represented at a meeting at which a quorum is present. Unit owners may vote by proxy. [Emphasis added.][1]
Pursuant to its power to promulgate rules necessary to implement, enforce and interpret Chapter 718, see section 718.-501(l)(f), Florida Statutes, the Division of Florida Land Sales, Condominiums and Mobile Homes of the Department of Business Regulation promulgated Rule 7D-23.-002(10), F.A.C., which provides:
For the purposes of establishing a quorum at any association meeting only the voting interests present in person or by proxy shall be counted. The written join-der or absentee ballot of a unit owner may not be utilized to establish a quorum.
The appellee unit owner argues that under this rule, the association, through its board of directors, could not use the subsequently obtained signatures to satisfy the quorum requirement. The association, however, points out that by its own terms, the dictates of section 718.112(2)(b)l will not apply where the by-laws provide otherwise and the by-laws of this association provide:
SECTION 5. QUORUM.
The presence in person or by proxy of unit owners representing a majority of the units in the Condominium shall constitute a quorum. Any unit owner or owners entitled to vote at an Association meeting, but who fail to attend that Association meeting, may sign the minutes of that Association meeting and thereby join in and ratify the actions of the Association at that meeting. Any such signatures shall constitute such members’ presence at that meeting for the purposes of computing a quorum. [Emphasis added.]
Under the particular by-laws of this condominium association then, the subsequent signatures could be used to establish a quorum. This being so, section 718.-112(2)(b)l and the rule implementing it, Rule 7D-23.002(10), are inapplicable and the use of the subsequent signatures to establish a quorum at 63 units was permissible and effective not only to ratify the action of the association in passing the declaration amendment at the November special meeting, but also for the purpose of *361 constituting the unit owners’ presence at that meeting for the purpose of computing a quorum.
The final summary judgment finding there was no quorum at the November 10, 1988, meeting is reversed as the subsequent approval by seven unit owners was sufficient, pursuant to the by-laws, to satisfy the quorum requirement.[2]
REVERSED and REMANDED.
W. SHARP and GOSHORN, JJ„ concur.

. Section 718.112(2)(b)l now provides:
1. Unless a lower number is provided in the bylaws, the percentage of voting interests required to constitute a quorum at a meeting of the members shall be a majority of the voting interests. Unless otherwise provided in this chapter, or in the declaration, articles of incorporation, or bylaws, decisions shall be made by owners of a majority of the voting interests represented at a meeting at which a quorum is present. Unit owners may vote by proxy.

. The validity vel non of the condominium declaration amendment was not before the court on this appeal.